UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| REX COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 17-94-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, has moved to dismiss this case for lack of jurisdiction. [Record No. 12] The Administrative Law Judge ("ALJ") assigned to this matter denied the plaintiff's request for a hearing on *res judicata* grounds. [*Id.*] Defendant Berryhill contends that, because the ALJ's decision was made on for this reason and without a hearing, there has not been a final decision after a hearing, and this Court lacks jurisdiction. [*Id.*] As explained below, the Court agrees with the position taken by defendant and her motion will be granted.

The Social Security Act only provides for judicial review of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Sixth Circuit has held that "'[d]enial of a request for a hearing on grounds of *res judicata* does not satisfy section 405(g)'s jurisdictional requirement that there be a final decision of the Secretary made after a hearing in order for the district court to exercise review.'" *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69 (6th Cir.

-1-

1993) (quoting *Jones v. Sec'y of Health & Human Servs.*, No. 89-1603, 1990 WL 172565, *2 (6th Cir. Feb. 27, 1990)); *see also Bagby v. Harris*, 650 F.2d 836, 838 (6th Cir. 1981) (explaining that when an ALJ denies a request for a hearing on *res judicata* grounds there is "nothing to review by the district court").

However, because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures," *Califano*, 430 U.S. at 109, there is an exception to § 405(g)'s jurisdictional requirement when the plaintiff presents "colorable constitutional claim." *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992). In assessing whether the plaintiff's claims trigger this exception, the Court is mindful that "the use of constitutional language to 'dress up' a claim . . . does not convert the argument into a colorable constitutional challenge." *Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67-68 (6th Cir. 1987) (quoting *Gosnell v. Sec'y of Health & Human Servs.*, 703 F.2d 216 (6th Cir. 1983)).

In this case, Collins filed an application for disability benefits and a period of disability on July 14, 2014. [Record No 12-1, p. 7] His claim was denied initially and upon reconsideration, and he filed a request for an administrative hearing on September 12, 2014. [*Id.*] The ALJ denied the request for a hearing on March 9, 2016, reasoning that the Commissioner had previously reached final and binding decision involving the same facts and issues on December 3, 1998, and so Collins' request for a hearing was barred by the doctrine of *res judicata*. [*Id.* at p. 8-9] Collins submitted a request for review, which the Appeals Council denied on March 28, 2017, without providing for a right of judicial review. [*Id.* at p. 22-23]

Neither the ALJ's decision denying the plaintiff's request for a hearing, nor the Appeals Council's decision denying the plaintiff's request for review, constitutes a "final decision of

the Commissioner of Social Security made after a hearing." *See Hilmes*, 983 F.2d at 69; *Bagby*, 650 F.2d at 838. Accordingly, the Court lacks jurisdiction under 42 U.S.C. § 405(g), unless the plaintiff has presented a colorable constitutional claim.

Collins' Complaint does not present a constitutional claim, and he has not sought leave to amend his Complaint. *See Gosnell v. Califano*, 625 F.2d 744, 745 (6th Cir. 1980) (holding that the district court lacked jurisdiction because there was not a final decision after a hearing, but should permit the plaintiff to amend his complaint to assert a constitutional claim). However, he argues in his response to the defendant's motion to dismiss that "constitutional violations have occurred . . . which warrant the retention of this appeal." [*See* Record Nos. 1, 13.] In particular, Collins contends that he was denied of due process because: (i) his file does not contain records of the social security benefits he received; (ii) the ALJ denied his request for a hearing; (iii) the prior decisions the ALJ found have preclusive effect are not contained in the exhibit list or record; and (iv) ALJs have not applied the doctrine of *res judicata* when denying some of his claims filed after December 3, 1998. [Record No. 13]

Because Collins' constitutional claims are contained in a response to a motion, and not in his Complaint, they are not properly before this Court. Although leave to amend a complaint is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), it is improper for the Court to construe a response to a motion as an amended complaint without any indication that the plaintiff intended his response is to be so construed. *See Carter v. Colvin*, 220 F. Supp. 3d 789, 805 (E.D. Ky. 2016). Further, it would be inappropriate to resolve Collins' constitutional arguments at this point, because the Commissioner has not filed "a certified transcript" of the administrative record, and was not required to do so. *See* 42 U.S.C. § 405(g). Without the administrative record, it is difficult to assess the factual allegations underlying Collins' due

process claim. However, it is worth noting that, even if Collins' factual allegations are true, he has not explained why they would amount to a due process violation, and similar arguments have been rejected as attempts to dress up abuse of discretion claims as constitutional issues. *See Glazer v. Commn'r Soc. Sec'y*, 92 F. App'x 312, 315 (2003); *Gosnell v. Sec'y of Health & Human Servs.*, 703 F.2d 216 (6th Cir. 1983); *Colvin*, 220 F. Supp. 3d at 905.

In summary, the Commissioner has not made a final decision after a hearing, and the plaintiff has not presented a colorable constitutional claim. As a result, this Court lacks jurisdiction, and this matter must be dismissed. Fed. R. Civ. P. 12(h)(3). Accordingly, it is hereby

**ORDERED** that Defendant Nancy A. Berryhill's Motion to Dismiss for Lack of Jurisdiction [Record No. 12] is **GRANTED**. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 16th day of November, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge